UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDEIS UNIVERSITY,<br><br>    Defendant. | Civil Action No. 15-11557-MLW |

### DEFENDANT BRANDEIS UNIVERSITY'S OPPOSITION TO
### PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

Defendant Brandeis University ("Brandeis" or "the University") hereby opposes Plaintiff John Doe's Motion to Proceed Under a Pseudonym (Docket No. 3). Plaintiff contends, in substance, that pseudonymity is warranted because he will be embarrassed, and suffer potential stigmatization, if his identity were revealed. These reasons do not constitute exceptional circumstances justifying pseudonymity in this case. Moreover, Plaintiff has already revealed his identity to at least one news outlet and has instigated considerable publicity regarding the subject matter of this action. Plaintiff has therefore failed to demonstrate that his identity will remain concealed throughout this litigation. For these reasons, Brandeis respectfully requests that the Court deny Plaintiff's motion.

### Factual Background

In January 2014, Plaintiff's ex-boyfriend, "J.C.," filed a Community Standards Report with Brandeis, alleging that Plaintiff had sexually harassed and assaulted him. In accordance with Brandeis' Rights and Responsibilities Handbook ("R&R"), the University initiated its Special Examiner Process to investigate J.C.'s allegations. As part of the investigation,

Brandeis's Examiner—a neutral third-party attorney—conducted several one-on-one interviews with Plaintiff, J.C., and other witnesses.

After her investigation, the Special Examiner issued a thorough and balanced report in which she found that some, but not all, of J.C's allegations had merit. Specifically, the Special Examiner concluded that Plaintiff had violated Brandeis' R&R on several separate occasions when he (1) initiated sexual activity without J.C.'s explicit consent, (2) engaged in unwanted physical contact with J.C., (3) invaded J.C.'s physical privacy, and (4) sexually harassed J.C. Based on these findings, Brandeis sanctioned Plaintiff with a written Disciplinary Warning.

Thereafter, both Plaintiff and J.C. initiated media campaigns regarding the Special Examiner Process and the underlying allegations. Plaintiff spoke with several news outlets, including the Washington Post, and filed a complaint with the U.S. Department of Education's Office for Civil Rights ("OCR").[1] See Schaller Aff. ¶ 6, Exs. A-E; Complaint ¶ 204. When Plaintiff spoke to the Washington Post, he provided the newspaper with "several documents in the case file." Id., Ex. A. Plaintiff also provided a copy of the confidential OCR complaint, and revealed his identity, to a reporter from WBUR, Fred Thys. See id., Ex. B. Mr. Thys, in turn, recently reached out to William Schaller—Brandeis' Executive Director of Integrated Media—seeking comment on the current matter. Id. at ¶¶ 1, 5. Mr. Thys explained to Mr. Schaller that he had been contacted by Plaintiff's counsel about this action and Mr. Thys identified Plaintiff by name. Id. at ¶ 5.[2] Meanwhile, Brandeis has done nothing to foment publicity of this matter.

---

[1] On April 22, 2015, the OCR administratively closed Plaintiff's complaint in part because it could not obtain sufficient evidence to support Plaintiff's allegations.

[2] Undersigned counsel hereby represents to the Court that in a conversation with Plaintiff's counsel on April 17, 2015, she stated that on April 9, 2015, she had provided a copy of the current complaint to Mr. Thys, who knew Plaintiff's name.

Nor did it provide Mr. Thys, or any other reporter, with any comment regarding the specifics of this case.

## Argument

A.  Plaintiff Has Not Demonstrated Exceptional Circumstances Warranting Pseudonymity

"The common law presumes a right of public access to judicial records." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9 (1st Cir. 1998). "The presumption of access exists in part to allow the public to serve its essential function of monitoring the judiciary, fostering 'the important values of quality, honesty and respect for our legal system.'" Dahl v. Bain Capital Partners, LLC, 891 F. Supp. 2d 221, 224 (D. Mass. 2012) (citing Siedle, 147 F.3d at 9-10). Although the public's right of access is "not unfettered," Siedle, 147 F.3d at 10, "[t]he citizens' right to know is not lightly to be deflected," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987) (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)).

In determining whether a litigant may proceed under a pseudonym, the Court must assess "whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 420 (D. Mass. 1995) (internal quotation marks and citations omitted); Doe v. Blue Cross & Blue Shield of R.I., 794 F. Supp. 72, 73 n. 3 (D.R.I. 1992). The burden is upon the proponent to demonstrate the need for confidentiality. See Bell Atl. Bus. Sys., 162 F.R.D. at 420. Indeed, "[i]n the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record." Id. at 422.

"The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." Siedle, 147 F.3d at 10; see also Bell Atl. Bus. Sys. Servs., 162 F.R.D. at 420 ("mere embarrassment" is "not sufficient to override the strong public interest in disclosure"). Thus, courts often deny motions to proceed under a pseudonym in cases involving sexual harassment and other sexual misconduct. See, e.g., Bell Atl. Bus. Sys. Servs., 162 F.R.D. at 422 (denying motion to proceed under pseudonym where plaintiff alleged that her supervisor had sexually harassed and assaulted her); Doe v. Word of Life Fellowship, Inc., No. 11-40077-TSH, 2011 WL 2968912, at *2-3 (D. Mass. July 18, 2011) (denying motion to proceed under pseudonym where movant claimed that the case involved intimate sexual relations between the parties); F.B. v. E. Stroudsburg Univ., No. 3:09CV525, 2009 WL 2003363, at *4 (M.D. Pa. July 7, 2009) (ordering plaintiffs in Title IX action to reveal their identities).

Similarly, a plaintiff may not proceed under a pseudonym simply because he fears stigmatization. See, e.g., Doe v. BrownGreer PLC, No. CIV.A. 14-1980, 2014 WL 4404033, at *2-3 (E.D. La. Sept. 5, 2014) (requiring HIV positive homosexual male to proceed under his actual name in prosecuting discrimination claims); Bell Atl. Bus. Sys. Servs., 162 F.R.D. at 420, 422 (denying motion to proceed under pseudonym where plaintiff asserted that she may have contracted HIV from the alleged sexual assault, and that she was from a "traditional Chinese" family that would react "very negatively" if the events became public); MacInnis v. Cigna Grp. Ins. Co. of Am., 379 F. Supp. 2d 89, 90 (D. Mass. 2005) (denying motion where plaintiff asserted, in conclusory fashion, that the disclosure of her psychological disorder would stigmatize her).

Courts must weigh all factors relevant to the specific circumstances of each case, including: 1) whether the plaintiff is a child, incompetent, or otherwise requires additional protection; 2) the risk of unfairness to the opposing party; 3) whether the issues in the case are purely legal ones having relatively little public interest; 4) whether identification poses a risk of retaliatory physical or mental harm; and 5) whether litigating publicly will actually allow the plaintiff to rid of the stigma he alleges.  See BrownGreer PLC, 2014 WL 4404033 at *3; Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011); Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014).

Here, the relevant factors weigh heavily against pseudonymity.  Plaintiff is not a child and has not alleged that he is incompetent or requires special protection from the Court.  He has instigated serious public criticism about Brandeis but now, unfairly, seeks to shield his identity from public view.  See Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C., No. 96 CIV. 1756 (LAP), 1997 WL 171011, at *6 (S.D.N.Y. Apr. 10, 1997) (noting that defendants would be "unfairly disadvantaged if forced to defend themselves publicly while [plaintiff] could make his accusations from behind a cloak of anonymity").  The issues in this case are fact-intensive and hold considerable public interest.  See Schaller Aff., Ex. C (discussing a "wave of cases" brought under Title IX by men found responsible for sexual misconduct).  Further, Plaintiff has not presented any credible evidence that he will suffer retaliatory physical or mental harm if required to use his real name.  To the contrary, by prosecuting this action under his real name, Plaintiff can seek to undo (or at least mitigate) the very harm he alleges in this case— damages to his reputation.  See Megless, 654 F.3d at 410 (finding that "litigating publicly will afford [plaintiff] the opportunity to clear his name in the community" and rid of the stigma of pedophilia).

5

On balance, Plaintiff has not met his burden to demonstrate exceptional circumstances warranting pseudonymity.

B.  Plaintiff Has Already Revealed His Identity to Third Parties, and Cannot Assure the Court that His Identity Will Remain Concealed During This Litigation

Even if Plaintiff can meet his burden to justify the use of a pseudonym, his motion fails for a separate, additional reason.

A plaintiff may not proceed under a pseudonym where his identity has already been revealed to third parties. See Word of Life, 2011 WL 2968912 at *2 (denying motion to proceed under pseudonym where movant's identity had already been disclosed to police department and a municipal agency); Bell Atl. Bus. Sys. Servs., 162 F.R.D. at 422 (noting that the "plaintiff's true identity was revealed in administrative proceedings, [so] the request for anonymity is effectively moot"); Doe v. Univ. of R.I., No. 93-0560B, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993) (plaintiff not permitted to proceed under pseudonym in part because her identity was well known by other university students and she was named as a party in a prior related litigation).

Here, Plaintiff has already provided certain components of the underlying case file to the Washington Post. See Schaller Aff., Ex. A.  He also provided his confidential OCR complaint, which contains allegations substantially similar to those presented here, to a reporter who can now identify him by name. See id. at ¶ 5, Ex. B (noting that the Plaintiff's OCR complaint had been "obtained by WBUR"); see also n. 2, supra.  Then, upon filing the complaint in this action, he provided a copy of the complaint to that same reporter.  Plaintiff has also spoken with other news outlets for the express purpose of generating publicity about the underlying disciplinary proceedings. See Schaller Aff., Ex. D.  In the end, Plaintiff cannot have it both ways.  He has already provided identifying information to third parties and, in light of his actions, cannot demonstrate that his name will remain concealed throughout this litigation.

**Conclusion**

For the reasons stated above, Brandeis respectfully requests that the Court deny Plaintiff's Motion to Proceed Under a Pseudonym.

Respectfully submitted,

BRANDEIS UNIVERSITY,

By its attorneys,

/s/  Alan D. Rose
Alan D. Rose (BBO #427280)
Antonio Moriello (BBO #685928)
Rose, Chinitz & Rose
One Beacon Street, 23rd Floor
Boston, Massachusetts  02108
(617) 536-0040
Fax: (617) 536-4400
adr@rose-law.net
am@rose-law.net

Dated:  May 1, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on May 1, 2015.

/s/ Alan D. Rose

**VERIFICATION**

I, Alan D. Rose, do hereby verify that the statements in footnote 2 on page 2 are true and accurate.

Singed under the penalties of perjury.

/s/ Alan D. Rose