UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-11557-FDS |
| v. | ) | |
| | ) | |
| BRANDEIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRANDEIS UNIVERSITY'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

Defendant Brandeis University ("Brandeis" or "the University") hereby submits this notice of supplemental authority in opposition to Plaintiff John Doe's Motion to Proceed Under a Pseudonym. Attached hereto is a Memorandum and Order denying a similar motion in Doe v. Swarthmore Coll., No. 15-cv-1355 (E.D. Pa June 9, 2015). Counsel for Brandeis did not learn of this ruling until after the University submitted its sur-reply brief earlier this afternoon.

Respectfully submitted,

BRANDEIS UNIVERSITY,

By its attorneys,

/s/ Antonio Moriello
Alan D. Rose (BBO #427280)
Antonio Moriello (BBO #685928)
Rose, Chinitz & Rose
One Beacon Street, 23rd Floor
Boston, Massachusetts  02108
(617) 536-0040
Fax: (617) 536-4400

                                                                adr@rose-law.net
                                                                am@rose-law.net

Dated:  June 16, 2015

# CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on June 16, 2015.

                                                              /s/ Antonio Moriello

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DOE | : |
|       Plaintiff | : CIVIL ACTION |
| vs. | : NO. 15-CV-1355 |
| SWARTHMORE COLLEGE, ET. AL., | : |
|       Defendants | : |

FILED
JUN 1 1 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

JOYNER, J.                                June  9 , 2015

This action is presently before the Court on Plaintiff's Motion to Proceed Under Pseudonym. For the reasons which follow, the Motion is denied.

### History of the Case

This action arose out of an incident which occurred in September, 2011 on the Swarthmore College campus between Plaintiff and a female student whom he has identified in his pleadings as Jane Doe, when they both were freshmen at the college. As a result, Plaintiff alleges that he was falsely accused of sexual assault and suspended from the college. He instituted this lawsuit in March, 2015 using the pseudonym Juan Doe contending Swarthmore discriminated against him and violated his civil rights in investigating and adjudicating the sexual assault complaint against him.

By the motion which is now before the Court, Plaintiff argues that he should be permitted to continue to use a pseudonymous name because he will experience severe harm if not permitted to proceed in this fashion. More particularly, Plaintiff states that he is asking "this Court to allow him to proceed under pseudonym in order to protect him and his family from the very harm he is attempting to prevent by filing this action - to have his name linked to egregious conduct he did not commit." (Pl's Memorandum of Law in Support of Motion to Proceed Under Pseudonym, pp. 3-4). Plaintiff additionally notes that his complaint has identified his accuser as "Jane Doe" and has identified some 25 other Swarthmore students by numbers so as to likewise protect their privacy. Defendants oppose Plaintiff's request to personally proceed under pseudonym; they do not object to Plaintiff's use of the Jane Doe moniker to identify the purported victim or to identification of other Swarthmore students in number format.

### Discussion

Federal Courts strongly prefer open, public proceedings and there is a presumption of access to judicial records. See, U.S. ex rel Luciano v. Pollack Health & Fitness, Inc., Civ. A. No. 13-6815, 2015 U.S. Dist. LEXIS 56896 at *5 - *6 (D. N.J. April 30, 2015)(citing In re Cendant Corp., 260 F.3d 183, 193-194 (3d Cir. 2001)); Doe v. Temple University, Civ. A. No. 14-4729, 2014 U.S.

2

Dist. LEXIS 122427 at *2 (E.D. Pa. Sept. 3, 2014). As the Third Circuit has observed: "One of the essential qualities of a Court of Justice is that its proceedings should be public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)(quoting Daubney v. Cooper, 109 Eng. Rep. 438, 441 (K.B. 1829) and Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-599, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)).

This principle of openness is further embodied in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) dictates that:

> Every pleading must have a caption with the court's name, a title, a file number and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Indeed, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts[,]" and "defendants have a right to confront their accusers." Megless, supra, (quoting Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997) and citing Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)). It has also been said that "[t]he 'public nature of lawsuits' and the 'public interest inherent' in the proceedings render 'open and transparent proceedings imperative to equitable outcomes.'" Doe v. Oshrin, 299 F.R.D. 100, 102 (D. N.J. 2014)(quoting Lozano

v. City of Hazleton, 496 F. Supp. 2d 477, 505 (M.D. Pa. 2007), aff'd in part and vacated in part by 724 F.3d 297 (3d Cir. 2013)). Thus, "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" Megless, supra, (quoting Does I Thru XIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)); K.W. v. Holtzapple, 299 F.R.D. 438, 440 (M.D. Pa. 2014).

Notwithstanding the requirement of openness, courts have recognized that a party may, in exceptional cases, proceed anonymously by way of pseudonym, particularly where disclosure of the litigant's identity creates a risk of extreme distress or danger. Megless, and Oshrin, both supra. "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS and homosexuality." Holtzapple, supra, (quoting Megless, supra, and Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

However, "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough." Megless, supra; Doe v. Temple University, Civ. A. No. 13-5156, 2014 U.S. Dist. LEXIS 127185 at *3 (E.D. Pa. Aug. 7, 2014). "Instead, a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Megless, supra (quoting Doe v. Kamehameha Schools/Bernice Bishop Estate, 596 F.3d 1036, 1043 (9th Cir.

2010)). And, in this Circuit, Courts appropriately weigh some nine non-exhaustive factors in determining whether to approve a party's request to proceed using a pseudonym. Megless, 654 F.3d at 410 (endorsing test first formulated in Doe v. Provident Life & Accident Insurance Co., 176 F.R.D. 464 (E.D. PA. 1997)). The first six, which tend to favor anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to purse the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Those factors which tend to weigh against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants;
>
> (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
>
> (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Megless, 654 F.3d at 409; Holtzapple, 299 F.R.D. at441; Oshrin,

5

299 F.R.D. at 103.

Here, Plaintiff avers that he wishes to remain anonymous because he was not only the victim of the defendants' purported mishandling of the investigation of a false accusation of sexual assault against him, but was instead himself the "real" victim of the sexual assault. He further alleges that he became suicidal as a result of this ordeal, that he fears retaliation from the student activists at Swarthmore College and that this will cause a recurrence of his depression and thoughts of self-harm. Thus, Plaintiff submits that the fact that he suffers from mental illness is further justification for continued use of a pseudonym. To resolve this motion, however, it is clear that the Court needs something more concrete than Plaintiff's mere speculation over what could occur and/or how it may psychologically affect him.

In application of the Megless/Doe v. Provident factors, we first consider the extent to which Plaintiff's identity has been kept confidential and in so doing find that, aside from his attempts to remain anonymous in the context of this lawsuit, there is no evidence that Plaintiff's identity was concealed or that Plaintiff otherwise endeavored to hide his identity. In his motion, Plaintiff states that he has taken steps to remain anonymous but, aside from asserting that he "has not disclosed his involvement in this matter to those beyond his inner circle -

meaning his mother, his attorney and the students who testified in his behalf as well as the students who had exonerating evidence an[d] were not allowed to testify on his behalf," he has not provided any details into what those steps were. As this matter is only just in the initial pleadings stage, we have only the Complaint to examine in an effort to obtain this information. And, as is pled in the Complaint, Plaintiff was publicly evicted and escorted from the Swarthmore Campus on May 9, 2013,[1] shortly after the purported victim had filed an internal sexual assault complaint against him, that over a period of 78 days in the summer of 2013, Swarthmore Investigator Joanna Gallagher interviewed a number of students and persons affiliated with Swarthmore, including the victim, transcribed her notes of those interviews and compiled a report, and that during the Spring of 2013, Plaintiff was escorted back and forth to campus by Swarthmore's police force. (Complaint, ¶s 145, 150, 159, 163, 176, 182, 199). Plaintiff then had a Disciplinary Hearing on September 27, 2013 at which a number of other Swarthmore students testified. (Complaint, ¶s 225, 227-287). The complaint further avers that this was an open hearing. (Complaint, ¶294). At the conclusion of these proceedings, the External Adjudicator determined that it was "more likely than not" that Plaintiff was

---

[1] Plaintiff notes that this occurred "fully 607 days after the 2011 Disorientation Party," the campus party at which both he and his accuser had been in attendance immediately before the alleged sexual assault took place.

responsible for sexual assault. Plaintiff appealed to Swarthmore's dean, but the appeal was denied, and immediately after the appeal meeting, the College's security evicted Plaintiff from his room and escorted him off the premises. (Complaint, ¶s 308, 312-315). Fortunately, however "[b]ecause [his] peers at Swarthmore knew, and still believe that [the victim] had perpetrated a crime against [Plaintiff] and because they saw the unfairness of the adversity that had overwhelmed [him], they provided him with food, shelter and love during those dark days." (Complaint, ¶ 316). Thus, from all appearances, throughout the investigation, hearing and appeal processes, Plaintiff's identity was either known or knowable and no efforts were made to keep it hidden. Accordingly, we find that this factor favors disclosure of Plaintiff's true name.

The second factor, the bases upon which disclosure is feared or sought to be avoided and the substantiality of those bases, requires that we examine Plaintiff's reasons for using a pseudonym. See, Doe v. Temple, 2014 U.S. Dist. LEXIS at *5. On this point, Plaintiff advises that he wishes "to minimize the undeniable social stigma attached to Swarthmore's findings that he has committed sexual assault and sexual harassment," and that he fears, *inter alia*, ruination of "most, if not all, of the relationships he forged during his time" at Swarthmore and that "the student activists at Swarthmore College will retaliate

8

against him for bringing this litigation using his name to further shame him" thus "potentially trigger[ing] his depression and other mental issues." (Pl's Memorandum of Law in Support of Motion for Permission to Proceed Under Pseudonym, at p. 8; Pl's Reply In Support of Motion to Proceed Under Pseudonym at p. 4). Given that it appears from Plaintiff's Complaint that the Swarthmore community and/or those fellow Swarthmore students with whom Plaintiff forged a relationship are already aware of the allegations against him and that any retaliatory actions on the part of these unidentified "student activists" is highly speculative, we find that this factor also weighs against proceeding under pseudonym.

Third, we consider the level of interest the public might have in maintaining Plaintiff's anonymity. Here, Plaintiff is not a minor but he does allege that he suffered from depression and became suicidal as the result of having been charged with sexual assault and that it was he who was victimized sexually – not the complainant. Although given the contradictory nature of Plaintiff's filings we find these assertions somewhat questionable, we nevertheless conclude that this factor militates in favor of keeping the pseudonym in place.

Fourth, we do not find an atypically weak public interest in knowing the litigant's identity here. Indeed, as Judge Brody recognized in Doe v. Temple University, 2014 U.S. Dist. LEXIS at

9

\*3-\*4, "[s]exual assaults on college campuses and the measures universities are taking to respond to these incidents, are important issues commanding national attention." Thus, if anything, the public interest factor in knowing Plaintiff's identity is fairly strong.

The fifth factor we find favors allowing Plaintiff to proceed anonymously. Indeed, accepting the gravamen of Plaintiff's complaint that he was treated differently than similarly-situated, non-minority Swarthmore male students as true and in the event that he was unfairly convicted and discriminated against because of his race, it would certainly not be in the public interest if Plaintiff or others like him opted to not pursue the remedies afforded them under federal law. Plaintiff here, however, alleges only that this "may deter him from filing suit." (Pl's Memorandum in Support of Motion to Proceed Under Pseudonym, p. 9).

As for the sixth factor, which considers whether Plaintiff may have an ulterior motive, we find that there is no evidence (or argument) on this point either way. This factor thus weighs neither in favor of nor against disclosure of Plaintiff's identity. We make the same finding for the same reason as to the ninth consideration - whether Swarthmore is illegitimately motivated to throw off the pseudonym.

Finally, as to the seventh and eighth factors, we note that

there is always a strong public interest in knowing who is using the court system and that defendants in particular have a right to know their accusers. Hence, the seventh factor clearly militates in favor of revealing the plaintiff's name. However, Plaintiff here is not a public figure and, inasmuch as he has not been prosecuted criminally in the Pennsylvania state or other court system, we do not find him to otherwise be of unusual interest to the general public outside of the Swarthmore community. That having been said, though, his allegations are certainly of interest to those having involvement with Swarthmore and to the extent that he is able to prove that which he alleges in his complaint and thereby perhaps clear his name, we find that the eighth factor likewise favors revelation of his identity.

## Conclusion

After carefully examining the Plaintiff's pleading and submissions of both parties *vis-a-vis* the request to proceed pseudonymously and after weighing the prescribed factors, we cannot find that Plaintiff has sustained his burden of showing that he has a reasonable fear that severe harm would befall him were he required to reveal his identity. In short, this is not such an exceptional case as would justify allowing the Plaintiff to proceed under pseudonym. The motion shall be denied in accordance with the attached Order.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DOE | : |
| | : CIVIL ACTION |
| Plaintiff | : |
| | : |
| vs. | : NO. 15-CV-1355 |
| | : |
| SWARTHMORE COLLEGE, ET. AL., | : |
| | : |
| Defendants | : |

FILED
JUN 11 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 9th day of June, 2015, upon consideration of Plaintiff's Motion for Permission to Proceed Under a Pseudonym (Doc. No. 4) and Defendants' Response in Opposition thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to Re-File his Pleadings using his legal name within twenty (20) days of the entry date of this Order.

BY THE COURT:

J. CURTIS JOYNER, J.

ENTERED
JUN 11 2015
CLERK OF COURT