To: Lisa Boes, Dean of Academic Services
From: University Appeals Board (David Cunningham, Chair; Daniel Bergstresser; Susan Dibble)
Re: Ruling on Doe appeal
Date: June 20, 2014

At Dean Jamele Adams' request we convened as a University Appeals Board (UAB) to hear John Doe's appeal of the decision of the decision by Senior Student Affairs Officer/Designee (SSAO/D) Lisa Boes in the case brought by the Community Standards Report (CSR) filed by J.C. in January of 2014.  We convened on June 13, 2014 with Dean Adams for approximately one hour to review the Special Examiner's Process.  After that meeting, Lisa Boes sent to us the Special Examiner decision, John Doe's appeal, and the Special Examiner's response to Doe's Appeal.  Having reviewed these documents, we convened again on June 20, 2014 to discuss the case and Doe's appeal.   Dean Adams was present during this meeting to answer questions about the Special Examiner's process and the appeal process.

The three members of the UAB unanimously agree that Doe's appeal should be rejected.  **We find no basis for overturning the decision to hold Doe responsible for violations under sections 2.1.d, 2.1.e, 3.1, 3.2, 3.3, and 7.2 of the Brandeis University Rights and Responsibilities Handbooks.**

Below we respond to each one of the claims that Doe makes in his appeal.  Our responses are numbered to match the claims as outlined in his appeal.  We close with some summary conclusions.

Doe's *claims of procedural error*

1. Doe's *claim that he was entitled to a hearing before the Student Conduct Board.*
   Students are bound not only by the Rights and Responsibilities agreement they sign upon entering Brandeis, but also by subsequent revisions to the Handbook.  These revisions are communicated by email.  Dean Gendron sent to Doe and all other Brandeis students an email dated September 20, 2014 informing them of the revisions included in the 2013-14 Handbook.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
2. Doe's *claim that the CSR was not filed in a timely manner.*  There is no established standard for timeliness for the filing of a CSR.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
3. Doe's *claim that violations under 2.1.d and 2.1.e should have been heard outside of the Special Examiner's Process.*  Had this case been based entirely on charges falling

only under Sections 2.1.d and 2.1.e, Doe's claim might be valid. Because, however, charges under 3.1, 3.2, 3.3, and 7.2 were also involved, and because cases that involve these sections of the Handbook must proceed through the Special Examiner's Process, we concur with the decision to bring the entire case, with all of its related charges, through that process. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

4. Doe's *claims based on separating the two CSR's filed by J.C. into separate Special Examiner Processes.* After filing the first CSR in January of 2014, J.C. filed a second CSR alleging that Doe had violated a No-Contact Order in place. We understand that Doe was only issued a warning in the second case, and there was no further punishment. Doe's claim here is somewhat mysterious to us, but he appears to be alleging that the minimal punishment in the second case means that J.C. lied about the violation of the No-Contact Order, and that these alleged lies should bring into question the veracity of his testimony in the first case. In our view the second case and its outcome provide no basis for questioning J.C.'s credibility. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

Doe's *claims of denial of rights*

1. Doe's *claim that the Special Examiner's Process applied something other than a 'preponderance of the evidence' standard.* The Special Examiner was highly sensitive to this standard, and appears to have applied it in this case. Her report specifically identifies the claims for which the evidence is sufficient under this standard, and the claims for which the evidence is not sufficient under this standard. Further, given well-established understandings of the complexities, psychological and otherwise, surrounding instances of sexual abuse and trauma, we cannot validate Doe's claim that contact between himself and the accuser occurring after the alleged incidents took place provides any conclusive basis for establishing whether the alleged acts of misconduct did in fact take place. We thus agree that there is sufficient evidence, under the preponderance of the evidence standard, for Doe to be held responsible for violating sections 2.1.d, 2.1.e, 3.1, 3.2, 3.3, and 7.2 of the Rights and Responsibilities Handbooks. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

2. Doe's *claims that he was denied 'right to notice of the charges.'* We find that the process in this case has followed the procedures as stated in the 2013-14 Rights and Responsibilities Handbook. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

3. **Doe's *claim that he was denied the right to review the Special Examiner's report.*** We find that the process in this case has followed the procedures as stated in the 2013-14 Rights and Responsibilities Handbook.  We view it as beyond our mandate as a UAB to speculate on the question of whether Doe would have a right to this document under FERPA.  **We unanimously reject this basis for an appeal of the SSAO/D decision.**
4. **Doe's *claim that he was denied a right to a hearing before the Student Conduct Board.*** As we describe above, it is our view that it was appropriate to proceed with all charges through the Special Examiner's Process.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
5. **Doe's *claim that the process was biased by outside pressure.*** We do not find this claim remotely compelling.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

**Doe's *claims based on new evidence***

1. **Doe's *claims based on the emails sent by J.C. in March of 2014.*** We reviewed emails sent by J.C. dated March 9, March 16, and March 27.  None of the three appear to include any explicit claim by J.C. that Doe was "going to rape Brandeis students," and we have no basis for determining that any additional letters exist.  We find nothing in these emails that lead us to question J.C.'s credibility.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
2. **Doe's *claim based on J.C.'s June 4 Facebook post.*** J.C. appears to have posted to Facebook a document from Brandeis University marked "personal and confidential," alongside critical comments related to the university's role in deliberations surrounding the case.  We do not find that this post calls into question J.C.'s credibility as it relates to his testimony surrounding the case. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
3. **Doe's *claim based on J.C.'s June 7 Facebook post.*** J.C. posted again on June 7 that the University had refused to enforce the No Contact Order.  We do not find that this post calls into question J.C.'s credibility as it relates to his testimony surrounding the case. **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
4. **Doe's *claim that J.C. has made accusations that Doe has sexually assaulted multiple Brandeis students.*** We concur with Sanghavi's conclusion that "it is not possible to fully investigate Doe's allegation," as Doe "did not provide the names of individuals to whom" J.C. accused Doe of sexually assaulting multiple Brandeis students.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**

**Doe's *claims based on accusations of fraud***

1. **Doe's *claim that J.C.'s allegations are false.*** There is no basis for conclusively determining that J.C.'s allegations are false, and therefore this claim is not in our view a valid basis for an appeal.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**
2. **Doe's *claim that the Special Examiner ignored key evidence.*** We believe that the Special Examiner did adequately account for the various factors that Doe charges were ignored in prior deliberations, and thus associated claims around these factors do not appear to constitute an appropriate basis for an appeal.  **We therefore unanimously reject this basis for an appeal of the SSAO/D decision.**


*Summary conclusion:*

Given our conclusions related to the individual claims offered in the appeal, our overall conclusion is that the earlier decision to find Doe responsible for violations under sections 2.1.d, 2.1.e, 3.1, 3.2, 3.3, and 7.2 of the Rights and Responsibilities Handbooks should be upheld.  We additionally feel that the restrictions placed on Doe as outlined in the decision letter of May 30, 2014, were not unduly harsh.  On the contrary, the apparent discrepancy between the serious nature of the charges and the light punishment in this case highlights the potential value of establishing recommended minimum sanctions to guide future deliberations under the Special Examiner's Process.