UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-11557-FDS |
| v. | ) | |
| | ) | |
| BRANDEIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT BRANDEIS UNIVERSITY'S ANSWER
TO PLAINTIFF JOHN DOE'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12, Defendant Brandeis University ("Brandeis" or "the University") hereby submits its Answer to Plaintiff John Doe's Amended Complaint.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Amended Complaint. All allegations not specifically admitted herein are denied.

**<u>Factual Allegations</u>**

1.  The allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is necessary, Brandeis denies the allegations.

2.  Brandeis lacks sufficient information to admit or deny the allegations in paragraph 2 and therefore denies the same.

3.  Brandeis lacks sufficient information to admit or deny the allegations in paragraph 3 and therefore denies the same.

4.  Brandeis lacks sufficient information to admit or deny the allegations in paragraph 4 and therefore denies the same.

5.  Brandeis lacks sufficient information to admit or deny the allegations in paragraph 5 and therefore denies the same.

1

6.      Brandeis admits that on January 14, 2014, J.C. filed a Community Standards Report ("CSR") accusing Doe of engaging in "numerous inappropriate, nonconsensual interactions" with J.C. between September 2011 and May 2013.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 6 and therefore denies the same.

7.      Denied.

8.      Brandeis admits that it notified Doe that J.C.'s CSR related to six potential violations of Brandeis' 2013-2014 Rights and Responsibilities Handbook ("R&R"): physical harm, invasion of personal privacy, sexual misconduct, taking advantage of incapacitation, lack of consent, and sexual harassment.  Brandeis denies the remaining allegations in paragraph 8.

9.      Brandeis admits that the Dean of Students informed Doe that the University would adjudicate J.C.'s allegations against Doe through the Special Examiner's Process in the R&R.  Brandeis denies the remaining allegations in paragraph 9.

10.     Brandeis lacks sufficient information to admit or deny the allegations in paragraph 10 and therefore denies the same.

11.     Denied.

12.     Brandeis admits that it adjudicated the allegations in the CSR through its Special Examiner's Process.  Brandeis denies that it "subjected" Doe to this Process.

13.     The allegations in the first sentence of paragraph 13 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies those allegations.  The remaining allegations in paragraph 13 are based on the terms of the R&R, which speaks for itself.

14.     Brandeis admits that the Special Examiner's Process in the 2013-2014 R&R did not include a hearing.  Brandeis denies the remaining allegations in paragraph 14.

15.     Brandeis admits that the Special Examiner's Process in the 2013-2014 R&R did not permit Doe to "confront" his accuser or any witnesses directly.  Brandeis denies the remaining allegations in paragraph 15.

16.     Admitted.

17.     Denied.

18.     The allegations in paragraph 18 are based on the contents of the Special Examiner's Report, which speaks for itself.

19.     The allegations in paragraph 19 are based on the contents of the Special Examiner's Report, which speaks for itself.

20.     The allegations in paragraph 20 are based on the contents of the Special Examiner's Report, which speaks for itself.

21.     The allegations in paragraph 21 are based on the contents of the Special Examiner's Report, which speaks for itself.

22.     Brandeis admits that Doe received a Disciplinary Warning.  Brandeis denies the remaining allegations in paragraph 22.

23.     Denied.

24.     Denied.

25.     Denied.

26.     The allegations in paragraph 26 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

27.     Brandeis admits that J.C. revealed the University's findings to third parties.  Brandeis lacks sufficient information to admit or deny the remaining allegations in the first sentence of paragraph 27 and therefore denies the same.  Brandeis denies the allegations in the second sentence of paragraph 27.

28.     Denied.

29.     Brandeis lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 29 and therefore denies the same.  Brandeis denies the remaining allegations in paragraph 29.

30.     Brandeis admits that Doe graduated early from the University.  Brandeis lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 30 and therefore denies the same.

31.     The allegations in paragraph 31 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

32.     The allegations in paragraph 32 are based on the contents of the Special Examiner's Report, which speaks for itself, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

33.     Denied.

34.    Denied.

35.    Denied.

36.    Brandeis lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 36 and therefore denies the same.  The remaining allegations in paragraph 36 are admitted.

37.    Admitted.

38.    Admitted.

39.    The allegations in paragraph 39 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

40.    Brandeis admits that for purposes of diversity jurisdiction, it is a citizen of Massachusetts.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 40 and therefore denies the same.

41.    The allegations in paragraph 41 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

42.    The allegations in paragraph 42 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

43.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 43 and therefore denies the same.

44.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 44 and therefore denies the same.

45.    Brandeis states that, in accordance with the 2013-2014 R&R, it retained a Special Examiner who investigated the J.C.-Doe matter and made factual findings regarding the matter.  Brandeis further states that, among the findings made by the Special Examiner, she found that Doe placed J.C.'s hand on Doe's penis while the two watched a movie.  The Special Examiner concluded that Doe failed to obtain consent from J.C. in connection with this conduct.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 45 and therefore denies the same.

46.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 46 and therefore denies the same.

47.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 47 and therefore denies the same.

48.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 48 and therefore denies the same.

49.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 49 and therefore denies the same.

50.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 50 and therefore denies the same.

51.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 51 and therefore denies the same.

52.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 52 and therefore denies the same.

53.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 53 and therefore denies the same.

54.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 54 and therefore denies the same.

55.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 55 and therefore denies the same.

56.    Brandeis admits that in the fall of 2013, Doe and J.C. worked together on a campus LGBT project, exchanged emails, and co-interviewed a candidate for the Sexual Assault Prevention Specialist position.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 56 and therefore denies the same.

57.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 57 and therefore denies the same.

58.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 58 and therefore denies the same.

59.    Brandeis admits that on January 14, 2014, J.C. filed a CSR alleging "[s]tarting in the month of September, 2011, the Alleged Violator of Policy [Doe] had numerous inappropriate, nonconsensual sexual interactions with me. These interactions continued to occur until around May 2013."  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 59 and therefore denies the same.

60.    Denied.

61.    Brandeis admits that it informed Doe that J.C.'s accusations related to the six potential violations of the R&R: physical harm, invasion of personal privacy, sexual

misconduct, taking advantage of incapacitation, lack of consent, and sexual harassment.  Brandeis admits that, when it informed Doe about these potential violations, it did not at that time disclose the specific underlying factual allegations against Doe.  Answering further, Brandeis told Doe that he would learn the nature of the allegations against him during the Special Examiner's Process, which he did.

62. Brandeis admits that it informed Doe that his case would be handled though the University's Special Examiner's Process.  Brandeis denies the remaining allegations in paragraph 62.

63. Brandeis admits the allegations in the first sentence of paragraph 63.  The remaining allegations in paragraph 63 are based on the terms of the 2011-2012 R&R, which speaks for itself.

64. The allegations in paragraph 64 are based on the terms of the 2011-2012 R&R, which speaks for itself.

65. The allegations in paragraph 65 are based on the terms of the 2011-2012 R&R, which speaks for itself.

66. The allegations in paragraph 66 are based on the terms of the 2011-2012 R&R, which speaks for itself.

67. The allegations in paragraph 67 are based on the terms of the 2011-2012 R&R, which speaks for itself.

68. Brandeis admits that, beginning with the 2012-2013 R&R, the Special Examiner's Process was utilized for allegations of sexual misconduct and sexual harassment, among others.  Brandeis denies the remaining allegations in paragraph 68.

69. Admitted.

70. The allegations in paragraph 70 are based on the terms of the 2013-2014 R&R, which speaks for itself.

71. The allegations in paragraph 71 are based on the terms of the 2013-2014 R&R, which speaks for itself.

72. The allegations in paragraph 72 are based on the terms of the 2013-2014 R&R, which speaks for itself.

73. The allegations in paragraph 73 are based on the terms of the 2013-2014 R&R, which speaks for itself.

74. The allegations in paragraph 74 are based on the terms of the 2013-2014 R&R, which speaks for itself.

75.     The allegations in paragraph 75 are based on the terms of the 2013-2014 R&R, which speaks for itself.

76.     The allegations in paragraph 76 are based on the terms of the 2013-2014 R&R, which speaks for itself.

77.     The allegations in paragraph 77 are based on the terms of the 2013-2014 R&R, which speaks for itself.

78.     The allegations in paragraph 78 are based on the terms of the 2013-2014 R&R, which speaks for itself.

79.     Brandeis admits that, per the R&R, it did not permit the parties to read the Special Examiner's Report during the pendency of the Doe-J.C. case.  Answering further, Brandeis states that it received a FERPA request from Doe on June 27, 2014 and provided responsive documents, including the Special Examiner's Report, on or about July 22, 2014.  Brandeis denies the remaining allegations in paragraph 79.

80.     The allegations in paragraph 80 are based on the terms of the 2013-2014 R&R, which speaks for itself.

81.     The allegations in paragraph 81 are based on the terms of the 2013-2014 R&R, which speaks for itself.

82.     The allegations in paragraph 82 are based on the terms of the 2013-2014 R&R, which speaks for itself.

83.     The allegations in paragraph 83 are based on the terms of the 2013-2014 R&R, which speaks for itself.

84.     The allegations in paragraph 84 are based on the terms of the 2013-2014 R&R, which speaks for itself.

85.     The allegations in paragraph 85 are based on the terms of the 2013-2014 R&R, which speaks for itself.

86.     Denied.

87.     Brandeis admits that, prior to the initiation of the Special Examiner's Process, Doe was not informed of the specific factual allegations that J.C. made against him. Answering further, Brandeis states that when Doe requested that Brandeis inform him of the factual bases for J.C.'s charges, the University told Doe that he would learn that information during the Special Examiner's Process, which he did.  Brandeis denies the remaining allegations in paragraph 87.

88.     Brandeis admits that, when Doe requested that Brandeis inform him of the factual
        bases for J.C.'s charges, the University told Doe that he would learn that information
        during the Special Examiner's Process, which he did.

89.     Brandeis admits that, prior to the initiation of the Special Examiner's Process, Doe
        was not informed of the specific factual allegations that J.C. made against him.
        Answering further, Brandeis states that Doe learned that information during the
        Special Examiner's Process. Brandeis lacks sufficient information to admit or deny
        the remaining allegations in paragraph 89, and therefore denies the same.

90.     Admitted.

91.     Brandeis admits that the Special Examiner interviewed J.C. and Doe four times each
        and interviewed additional witnesses, including two University administrators, as
        well.  Brandeis lacks sufficient information to admit or deny the remaining
        allegations in paragraph 91 and therefore denies the same.

92.     Denied.

93.     Brandeis lacks sufficient information to admit or deny the allegations in paragraph 93
        and therefore denies the same.

94.     Brandeis lacks sufficient information to admit or deny the allegations in paragraph 94
        and therefore denies the same.

95.     The allegations in the first sentence of paragraph 95 are based on the contents of the
        Special Examiner's Report, which speaks for itself.  Brandeis admits that, in
        accordance with the R&R, Doe was not permitted to directly question his accuser or
        the witnesses.  Doe denies the remaining allegations in paragraph 95.

96.     Brandeis admits that, as part of the Special Examiner's Process, Doe met with Lisa
        Boes—who was tasked to make responsibility findings in the J.C.-Doe matter—in
        late April 2014.  Brandeis further admits that, at that meeting, Ms. Boes read aloud to
        Doe a comprehensive Summary of the Special Examiner's Report.  Brandeis denies
        the remaining allegations in paragraph 96.

97.     Denied.

98.     Brandeis admits that Doe was provided a copy of Ms. Boes' Summary while the Doe-
        J.C. case was pending.  Brandeis further admits that Doe asked Ms. Boes and others
        for a copy of the Special Examiner's Report but that, per the R&R, the University
        denied those requests.  Answering further, Brandeis states that it received a FERPA
        request from Doe on June 27, 2014 and provided responsive documents, including the
        Special Examiner's Report, on or about July 22, 2014.

99.     The allegations in paragraph 99 are based on the contents of Ms. Boes' Summary, which speaks for itself.

100.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 100 and therefore denies the same.

101.    The allegations in paragraph 101 are based on the contents of the Special Examiner's Report, which speaks for itself.

102.    The allegations in paragraph 102 are based on the contents of the Special Examiner's Report, which speaks for itself.

103.    The allegations in paragraph 103 are based on the contents of the Special Examiner's Report, which speaks for itself.

104.    The allegations in paragraph 104 are based on the contents of the Special Examiner's Report, which speaks for itself.

105.    The allegations in paragraph 105 are based on the contents of the Special Examiner's Report, which speaks for itself.

106.    The allegations in paragraph 106 are based on the contents of the Special Examiner's Report, which speaks for itself.

107.    The allegations in paragraph 107 are based on the contents of the Special Examiner's Report, which speaks for itself.

108.    The allegations in the first sentence of paragraph 108 are based on the contents of the Special Examiner's Report, which speaks for itself.  The remaining allegations in paragraph 108 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies those allegations.

109.    The allegations in paragraph 109 are based on the contents of the Special Examiner's Report and the R&R, which speak for themselves, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

110.    Denied.

111.    The allegations in paragraph 111 are based on the contents of the Special Examiner's Report, which speaks for itself.

112.    The allegations in paragraph 112 are based on the contents of the Special Examiner's Report, which speaks for itself.

113.   The allegations in paragraph 113 are based on the contents of the Special Examiner's Report, which speaks for itself.

114.   The allegations in paragraph 114 are based on the contents of the Special Examiner's Report, which speaks for itself, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

115.   The allegations in paragraph 115 are based on the contents of the Special Examiner's Report, which speaks for itself.

116.   The allegations in paragraph 116 are based on the contents of the Special Examiner's Report, which speaks for itself.

117.   The allegations in paragraph 117 are based on the contents of the Special Examiner's Report, which speaks for itself.

118.   The allegations in paragraph 118 are based on the contents of the Special Examiner's Report, which speaks for itself, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

119.   The allegations in paragraph 119 are based on the contents of the Special Examiner's Report, which speaks for itself.

120.   The allegations in paragraph 120 are based on the contents of the Special Examiner's Report, which speaks for itself.

121.   The allegations in paragraph 121 are based on the contents of the Special Examiner's Report, which speaks for itself, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

122.   The allegations in paragraph 122 are based on the contents of the Special Examiner's Report, which speaks for itself.

123.   The allegations in paragraph 123 contain legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

124.   The allegations in paragraph 124 are based on the contents of the Special Examiner's Report and the R&R, which speak for themselves, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

125.   The allegations in paragraph 125 are based on the contents of the Special Examiner's Report, which speaks for itself.

126.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 126 and therefore denies the same.

127.    Denied.

128.    The allegations in paragraph 128 are based on the contents of the Special Examiner's Report, which speaks for itself.

129.    The allegations in the first and last sentences of paragraph 129 are based on the contents of the Special Examiner's Report, which speaks for itself.  The remaining allegations in paragraph 129 are based on the contents of the R&R, which speaks for itself, and/or constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies these allegations.

130.    Brandeis lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 130 and therefore denies the same.  Brandeis admits that Doe asked Ms. Boes for a copy of the Special Examiner's Report but that, per the R&R, she denied that request.  Answering further, Brandeis states that it received a FERPA request from Doe on June 27, 2014 and provided responsive documents, including the Special Examiner's Report, on or about July 22, 2014.

131.    Brandeis admits that on May 2, 2014, Doe provided a written response to Ms. Boes' Summary.  Brandeis denies the remaining allegations in paragraph 131.

132.    The allegations in paragraph 132 are based on a written email from Ms. Boes, which speaks for itself.

133.    The allegations in the first sentence of paragraph 133 are based on an email from Ms. Boes, which speaks for itself.  Brandeis denies the remaining allegations in paragraph 133.

134.    Denied.

135.    Brandeis admits that Doe received a Disciplinary Warning, the lightest sanction possible given the finding of sexual misconduct.  Brandeis denies the remaining allegations in paragraph 135.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.   Denied.

141.   Brandeis admits that Doe did not have a copy of the Special Examiner's Report at the time he filed his appeal.  Answering further, Brandeis states that it received a FERPA request from Doe on June 27, 2014 and provided responsive documents, including the Special Examiner's Report, on or about July 22, 2014.  Brandeis denies the remaining allegations in paragraph 141.

142.   Admitted.

143.   Brandeis admits that Doe graduated *magna cum laude* with a 3.8 GPA.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 143 and therefore denies the same.

144.   Denied.

145.   The allegations in paragraph 145 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

146.   Denied.

147.   The allegations in paragraph 147 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

148.   Brandeis admits that Doe was provided with J.C.'s CSR and that, between the filing of J.C.'s CSR and the initiation of the Special Examiner's Process, Brandeis had received substantially more information about J.C.'s allegations.  Brandeis admits that, prior to the initiation of the Special Examiner's Process, Doe was not informed of the specific factual allegations that J.C. made against him.  Answering further, Brandeis informed Doe at that time that he would learn the nature of the allegations against him during the Special Examiner's Process, which he did.  Brandeis denies the remaining allegations in paragraph 148.

149.   Denied.

150.   The allegations in paragraph 150 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

151.   Denied.

152.   The allegations in paragraph 152 are based on the R&R, which speaks for itself, and constitute legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

153.   Brandeis admits that Doe did not receive a copy of the Special Examiner's Report during the pendency of the Doe-J.C. matter.  Answering further, Brandeis states that

it received a FERPA request from Doe on June 27, 2014 and provided responsive documents, including the Special Examiner's Report, on or about July 22, 2014. Brandeis denies the remaining allegations in paragraph 153.

154.   Brandeis admits that it provided Doe with a copy of the Special Examiner's Report on or about July 22, 2014, after the Doe-J.C. matter had concluded, in response to a formal FERPA request from Doe.  Brandeis denies the remaining allegations in paragraph 154.

155.   Brandeis admits that it has not provided Doe with the interview notes taken during the Special Examiner's Process.  The remaining allegations in paragraph 155 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies these allegations.

156.   The allegations in paragraph 156 are based on the 2013-2014 R&R, which speaks for itself, and constitute legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

157.   Denied.

158.   Denied.

159.   Denied.

160.   The allegations in the first sentence of paragraph 160 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.  Brandeis admits the remaining allegations in paragraph 160.

161.   Brandeis admits that the Chair of the Appeals Board and J.C.'s Advisor in the Special Examiner's Process each served on a University-sponsored Subcommittee on Sexual Violence.  The remaining allegations in paragraph 161 are legal conclusions to which no response is required. To the extent a response is necessary, Brandeis denies those allegations.

162.   Denied.

163.   The allegations in paragraph 163 are based on the Appeals Board's written decision and the Subcommittee on Sexual Violence's Report, which speak for themselves.

164.   Brandeis admits that J.C.'s Advisor served in an advisory role to J.C. (not an advocacy role) in accordance with the R&R, which speaks for itself.  The remaining allegations in paragraph 164 are based on the Appeals Board's written decision and the Subcommittee on Sexual Violence's Report, which speak for themselves.

165.   The allegations in the first two sentences of paragraph 165 are based on the Appeals Board's written decision, which speaks for itself.  Brandeis admits that J.C.'s "second

case" was investigated and adjudicated in a separate Special Examiner's Process and that Doe was found not responsible following that Process.  Brandeis further admits that J.C.'s "second case" was not on appeal before the Appeals Board when it decided Doe's appeal of the findings related to J.C.'s first CSR.  Brandeis denies the remaining allegations in paragraph 165.

166.  The allegations in paragraph 166 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

167.  The allegations in paragraph 167 are based on the contents of the Appeals Board's decision, which speaks for itself, and constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

168.  The allegations in paragraph 168 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

169.  Brandeis agrees that, as a condition of his matriculation at the University, Doe agreed in writing to be bound by the rules and regulations in the R&R.  The remaining allegations in paragraph 169 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies these allegations.

170.  The allegations in paragraph 170 are based on the contents of the R&R, which speaks for itself, and constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

171.  The allegations in paragraph 171 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

172.  The allegations in paragraph 172 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies the allegations.

173.  The allegations in paragraph 173 are based on the contents of the R&R, which speaks for itself, and constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

174.  The allegations in paragraph 174 are based on the contents of the R&R, which speaks for itself, and constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

175.  The allegations in paragraph 175 are based on the contents of the R&R, which speaks for itself, and constitute legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

176.    The allegations in the first sentence of paragraph 176 are legal conclusions to which no response is required.   To the extent a response is necessary, Brandeis denies those allegations.  Brandeis denies the remaining allegations in paragraph 176.

177.    Denied.

178.    Denied.

179.    Denied.

180.    The allegations in paragraph 180 are based on the 2014-2015 R&R, which speaks for itself.

181.    The allegations in paragraph 181 are based on the 2014-2015 R&R, which speaks for itself.

182.    The allegations in paragraph 182 are based on the 2014-2015 R&R, which speaks for itself.

183.    The allegations in paragraph 183 are based on the 2014-2015 R&R, which speaks for itself.

184.    The allegations in paragraph 184 are based on the 2014-2015 R&R, which speaks for itself.

185.    Brandeis admits that the 2014-2015 R&R, and the new procedures contained therein, did not govern the Doe-J.C. matter.  Brandeis denies the remaining allegations in paragraph 185.

186.    Brandeis admits that J.C. filed additional CSRs with the University.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 186 and therefore denies the same.

187.    Denied.

188.    Denied.

189.    Brandeis admits that J.C. filed three additional CSRs with the University, which speak for themselves.  Brandeis also admits that Doe was found not responsible for the conduct alleged in those CSRs.  Brandeis lacks sufficient information to admit or deny whether these additional CSRs were part of an "escalating and unchecked campaign to defame and harass [Doe]" and therefore denies the same.  Brandeis denies the remaining allegations in paragraph 189.

190.    Admitted.

191.    Brandeis admits that J.C. posted on Facebook a redacted version of the University's final outcome letter regarding the Doe-J.C case.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 191 and therefore denies the same.

192.    Brandeis admits that, on the redacted Facebook posting of the outcome letter, J.C. commented that Doe was an "attacker" who committed "multiple forms of rape." Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 192 and therefore denies the same.

193.    Brandeis lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 193 and therefore denies the same.  The remaining allegations in paragraph 193 are based on the contents of the Special Examiner's Report, which speaks for itself.

194.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 194 and therefore denies the same.

195.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 195 and therefore denies the same.

196.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 196 and therefore denies the same.

197.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 197 and therefore denies the same.

198.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 198 and therefore denies the same.

199.    Denied.

200.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 200 and therefore denies the same.

201.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 201 and therefore denies the same.

202.    Brandeis lacks sufficient information to admit or deny the allegations in paragraph 202 and therefore denies the same.

203.    Brandeis admits that Doe asked the University to re-open his appeal.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 203 and therefore denies the same.

204.    Denied.

205.   Brandeis admits that Doe graduated in February 2015.  Brandeis lacks sufficient information to admit or deny the remaining allegations in paragraph 205 and therefore denies the same.

206.   Denied.

## Former Count I - *Withdrawn*
### (Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*.)

207.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

208.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

209.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

210.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

211.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

212.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

213.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

214.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

215.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

216.   Doe's Title IX claim (Former Count I) has been voluntarily withdrawn, so no response is required.

## Count I – *Dismissed in Part*
### (Breach of Contract)

217.   Brandeis incorporates by reference all the foregoing responses in this Answer.

218.   The allegations in paragraph 218 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations

219.   The allegations in paragraph 219 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

220.   The allegations in paragraph 220 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

221.   The allegations in paragraph 221 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

### Count II
### (Breach of the Covenant of Good Faith and Fair Dealing)

222.   Brandeis incorporates by reference all the foregoing responses in this Answer.

223.   The allegations in paragraph 223 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

224.   The allegations in paragraph 224 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

225.   The allegations in paragraph 225 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

### Count III - *Dismissed*
### (Estoppel and Reliance)

226.   Brandeis incorporates by reference all the foregoing responses in this Answer.

227.   Doe's estoppel/reliance claim (Count III) has been dismissed, so no response is required.

228.   Doe's estoppel/reliance claim (Count III) has been dismissed, so no response is required.

229.   Doe's estoppel/reliance claim (Count III) has been dismissed, so no response is required.

230.   Doe's estoppel/reliance claim (Count III) has been dismissed, so no response is required.

231.   Doe's estoppel/reliance claim (Count III) has been dismissed, so no response is required.

**Count IV – *Dismissed in Part***
**(Negligence)**

232.   Brandeis incorporates by reference all the foregoing responses in this Answer.

233.   The allegations in paragraph 233 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

234.   The allegations in paragraph 234 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

235.   Denied.

236.   The allegations in paragraph 236 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

237.   The allegations in paragraph 237 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

238.   The allegations in paragraph 238 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

**Count V - *Dismissed***
**Defamation**

239.   Brandeis incorporates by reference all the foregoing responses in this Answer.

240.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

241.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

242.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

243.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

244.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

245.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

246.   Doe's defamation claim (Count V) has been dismissed, so no response is required.

**Count VI - *Dismissed***
**(Invasion of Privacy)**

247.   Brandeis incorporates by reference all the foregoing responses in this Answer.

248.    Doe's invasion of privacy claim (Count VI) has been dismissed, so no response is required.

249.    Doe's invasion of privacy claim (Count VI) has been dismissed, so no response is required.

250.    Doe's invasion of privacy claim (Count VI) has been dismissed, so no response is required.

251.    Doe's invasion of privacy claim (Count VI) has been dismissed, so no response is required.

**Count VII - *Dismissed***
**(Intentional Infliction of Emotional Distress)**

252.    Brandeis incorporates by reference all the foregoing responses in this Answer.

253.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

254.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

255.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

256.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

257.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

258.    Doe's IIED claim (Count VII) has been dismissed, so no response is required.

**Count VIII**
**(Negligent Infliction of Emotional Distress)**

259.    Brandeis incorporates by reference all the foregoing responses in this Answer.

260.    The allegations in paragraph 260 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

261.    The allegations in paragraph 261 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

262.    The allegations in paragraph 262 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

263.    The allegations in the first sentence of paragraph 263 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the

allegations.  Brandeis lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 263 and therefore denies the same.

264.   The allegations in paragraph 264 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

265.   The allegations in paragraph 265 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

## Count IX
### (Declaratory and Permanent Injunctive Relief)

266.   Brandeis incorporates by reference all the foregoing responses in this Answer.

267.   The allegations in paragraph 267 are legal conclusions to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

268.   Denied.

269.   The allegations in paragraph 269 constitute a prayer for relief to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

270.   The allegations in paragraph 270 constitute a prayer for relief to which no response is required.  To the extent a response is necessary, Brandeis denies the allegations.

## Affirmative Defenses

Defendants allege that each of the following affirmative or other defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Defendants do not implicitly or otherwise undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose.

### First Affirmative Defense

Doe's Complaint is barred by the applicable statute of limitations and or doctrines of waiver, laches, or estoppel.

### Second Affirmative Defense

Doe's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Doe's claims for monetary damages are capped at $20,000 pursuant to M.G.L. ch. 231, § 85k.

## Fourth Affirmative Defense

Doe's damages, if any, were caused by himself or others for whom Brandeis is not legally responsible.

## Fifth Affirmative Defense

Doe has failed to mitigate his damages.

## Sixth Affirmative Defense

Brandeis incorporates by reference the other defenses and arguments set forth in Brandeis' Memorandum of Law in Support of its Motion to Dismiss Doe's Amended Complaint.

Respectfully submitted,

BRANDEIS UNIVERSITY,

By its attorneys,

/s/ Antonio Moriello
Alan D. Rose (BBO #427280)
Antonio Moriello (BBO #685928)
Rose, Chinitz & Rose
One Beacon Street, 23rd Floor
Boston, Massachusetts  02108
(617) 536-0040
Fax: (617) 536-4400
adr@rose-law.net
am@rose-law.net

Dated:  April 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on April 29, 2016.

/s/ Antonio Moriello